NOTICE
Decision filed 12/29/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250546-U

NO. 5-25-0546

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* MICHAEL J., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Montgomery County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21-JD-10 |
| | ) | |
| Michael J., | ) | Honorable |
| | ) | Douglas C. Gruenke, |
| Respondent-Appellee). | ) | Judge presiding. |

_____

JUSTICE HACKETT delivered the judgment of the court.
Presiding Justice Cates and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the juvenile court's decision to grant the respondent's motion to reconsider its initial decision that there was probable cause to transfer the matter from juvenile court to criminal court. However, we vacate the juvenile court's finding, upon reconsideration, that the State failed to establish probable cause because the juvenile court no longer had statutory authority to proceed against the 22-year-old respondent. We also remand the matter to the juvenile court for further orders consistent with this decision.

¶ 2    The State filed a petition for adjudication of wardship against the minor respondent, Michael J., alleging that the respondent was delinquent for committing the offenses of aggravated use of an electronic communication device (625 ILCS 5/12-610.2(b-5) (West 2020)) and improper lane usage (*id.* § 11-709(a)). Thereafter, the State moved to transfer the respondent's case from juvenile court to prosecution in criminal court pursuant to section 5-805(3) of the Juvenile Court

1

Act of 1987 (Act) (705 ILCS 405/5-805(3) (West 2020)). Initially, the juvenile court granted the transfer of the case to criminal court, closed the juvenile case, and a case was opened in criminal court. However, the juvenile court thereafter granted the respondent's motion to reconsider the transfer decision and ordered a new transfer hearing where the State was required to present evidence supporting probable cause. Following the new transfer hearing in the juvenile court, the juvenile court denied the transfer motion on the basis that the State had failed to make the required showing of probable cause. In addition, the juvenile court dismissed the State's petition for adjudication because the respondent was over 21 years old at the time of the hearing and was therefore no longer subject to the statutory authority of the juvenile court. The State then sought an appeal pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. Apr. 15, 2024) by filing a certificate of impairment, certifying that the juvenile court's ruling substantially impaired its case.

¶ 3      On appeal, the State argues that (1) the juvenile court erred in granting reconsideration of the transfer order on the basis that probable cause had not been established where the record indicated that the respondent's counsel had conceded probable cause for the transfer hearing, and (2) alternatively, the juvenile court abused its discretion in finding that the State failed to establish probable cause at the transfer hearing that was held following the reconsideration.[1] For the reasons that follow, we affirm in part, vacate in part, and remand to the juvenile court.[2]

---

[1]In its opening brief, the State also argued that this court should reinstate the improper lane usage charge that was dismissed by the juvenile court following the denial of the State's motion to transfer. However, in its reply brief, the State, upon reconsideration, withdrew this argument from the appeal. Thus, we will not address this issue in this decision.

[2]Because this appeal involves a final order from a delinquent minor proceeding arising out of the Act (705 ILCS 405/1-1 *et seq.* (West 2022)), Illinois Supreme Court Rule 660A(f) (eff. July 1, 2018) requires that, except for good cause shown, the appellate court issue its decision within 150 days of the filing of the notice of appeal. Accordingly, the decision in this case was due on December 5, 2025. However, the oral argument in this case was held on December 2, 2025, and in order to give this case the attention it required, this court finds it necessary to file this disposition past the due date, and we find good cause to issue our decision outside the 150-day timeframe.

¶ 4                                    I. BACKGROUND

¶ 5                       A. Initial Proceedings in the Juvenile Court

¶ 6     On May 14, 2021, the State filed a petition for adjudication of wardship, alleging, in part, that the respondent committed the offense of aggravated use of an electronic communication device. Specifically, the State argued that the respondent knowingly operated a motor vehicle while using an electronic communication device, which resulted in a motor vehicle accident that was the proximate cause of the deaths of other individuals on the roadway.

¶ 7     On June 26, 2023, the State filed a petition for a discretionary transfer of jurisdiction under section 5-805(3) of the Act (705 ILCS 405/5-805(3) (West 2020))) to allow for the prosecution of the respondent under the criminal law. In the petition, the State alleged that the respondent's birthday was October 16, 2002, and that he would turn 21 on October 16, 2023; that probable cause existed that the respondent committed aggravated use of an electronic communication device and improper lane usage; that the respondent caused the death of four individuals; that the juvenile court would lose jurisdiction over the respondent on October 16, 2023; and that because of the date of the incident (November 16, 2019), the State could not directly file the charges with the criminal court due to the criminal statute of limitations. The State also alleged that the security of the public required the respondent to be sentenced under the criminal sentencing statutes because (1) there was no reasonable likelihood that the respondent would be rehabilitated before the expiration of the juvenile court's jurisdiction, and (2) the punishment or services under the Act were inadequate.

¶ 8     On June 29, 2023, the respondent filed, through his counsel, a response to the State's petition to transfer, in which it was stated that "probable cause [existed] that [the respondent] *** commit[ted] [the] criminal offenses." However, the respondent objected to transferring the

3

prosecution to criminal court, arguing that during the time that the juvenile proceeding had been pending, the respondent had shown his ability to be rehabilitated. The respondent also contended that the offense of aggravated use of an electronic communication device was neither a crime of violence nor was the offense gun, drug, or gang related. The respondent further contended that the punishment and services under the Act were more than adequate to address his needs. Thus, the respondent asked the juvenile court to keep the matter in that court. At the July 3, 2023, pretrial hearing, the State asserted that the respondent had conceded probable cause in his response to the State's petition to transfer and thus there was no need "to present probable cause for the petition." The juvenile court then asked the respondent's counsel if the only issue on the transfer request was whether the possible penalties were sufficient, and the respondent's counsel answered, "At this point, yes, Your Honor. That's our agreement."

¶ 9    On August 1, 2023, the juvenile court held a hearing on the State's motion to transfer jurisdiction, at which no evidence was presented. During the State's argument on the motion, the State again indicated that the respondent's counsel admitted that probable cause existed in the response to the State's petition. Thus, the State argued that the remaining question was whether, looking at the requisite statutory factors under 5-805(3)(b) of the Act (*id.* § 5-805(3)(b)), prosecution was more appropriate under the state's criminal sentencing laws or the state's juvenile sentencing laws. The State indicated that, at the time of the offense, the respondent was 17 years old, the case had been ongoing since 2021 due to delays in obtaining and analyzing the discovery, there had been no adjudication of the delinquency petition in that time, and they were reaching a point where the juvenile court would no longer have jurisdiction. Thus, the State argued that there was no reasonable likelihood that the respondent would be rehabilitated before the expiration of the juvenile court's jurisdiction and that the juvenile court should transfer the case to criminal court

4

to achieve finality, other than just a dismissal due to the respondent's age. The State acknowledged that the respondent did not have a previous history of delinquency but noted that this motor vehicle accident caused serious bodily harm as four individuals were killed as a result of the accident.

¶ 10     During argument, the juvenile court questioned the respondent's counsel as follows: "Do you at least agree that there is a probable cause of delinquency? *** [D]oes the State get past that hurdle of probable cause to transfer?" However, the respondent's counsel did not directly answer the question and instead appeared to respond to the juvenile court's earlier inquiries about the delay in the juvenile prosecution. After hearing the arguments from the respondent's counsel, the juvenile court indicated that when deciding whether to transfer a juvenile case, one of the statutory factors that it was required to consider was whether there was probable cause. The juvenile court stated, "[A]lthough you don't want to state it now, I think that there is probable cause. We would not be having this case go on for two years had there not been probable cause from the get go. So I think the State has met that hurdle."

¶ 11     Then, after addressing the remaining statutory factors under section 5-805(3)(b) of the Act (*id.*), the juvenile court granted the State's petition to transfer the case to the criminal docket and closed the juvenile case. The juvenile court then immediately proceeded to admonish the respondent on the criminal charges brought against him, the possible penalties for the charges, and his rights.

¶ 12          B. Proceedings Following the Transfer to Criminal Court

¶ 13     On August 23, 2023, the trial court held a preliminary hearing in criminal court. At the hearing, the respondent indicated that he wanted to waive the preliminary hearing. In addition, the respondent acknowledged that he had signed a written waiver of the preliminary hearing. The written waiver, which was signed by the respondent on August 23, stipulated that the trial court

5

may enter an order finding probable cause for the bringing of the charge. After questioning the respondent, the trial court found that the respondent's waiver was voluntarily and knowingly made.

¶ 14    On September 6, 2024, approximately 13 months after the case was transferred to the criminal court, the respondent, through new counsel, filed a motion to reconsider the juvenile court's order granting the transfer. The respondent filed this motion in the juvenile case as well as the criminal court case. In the motion, the respondent argued that the juvenile court erred in granting the transfer where there was no evidence suggesting that the respondent was likely to commit future crimes, he had no previous criminal history, there was no evidence that the offense was committed in an aggressive or premeditated manner, and there was no use of a deadly weapon in the commission of the offense. The respondent contended that, in transferring the case to criminal court, the juvenile court entirely failed to consider the respondent's best interests, particularly as it related to his potential for rehabilitation. The respondent also contended that the juvenile court effectively permitted the State an automatic transfer simply because the respondent was approaching his twenty-first birthday. The respondent argued that a transfer of jurisdiction to prevent the case's dismissal violated the respondent's due process rights as it was not the respondent's fault that the juvenile case was not concluded during the time in which the juvenile court had statutory authority. Consequently, the respondent sought dismissal of the charges.

¶ 15    On September 9, 2024, the trial court held a pretrial hearing in the criminal court, at which the trial court noted that the respondent had filed a motion to reconsider a ruling made by the juvenile court judge. The trial court also noted that the motion needed to be decided before any further proceedings in the criminal court. Thereafter, a September 16, 2024, docket entry in the juvenile case indicated that the respondent's motion to transfer had been received and reviewed; that the order to transfer was entered in August 2023, and the juvenile case was closed; and that

the respondent did not file a motion to reconsider within 30 days of the transfer order. Thus, the respondent was given 21 days to supplement the motion to reconsider with legal authority that revested the juvenile court with authority to entertain a motion to reconsider filed 13 months after the transfer from juvenile court to criminal court. The State was then given 21 days to file a response.

¶ 16    On October 7, 2024, the respondent, in the juvenile case, filed a supplemental filing to the motion to reconsider the transfer order, which addressed the issue identified in the September 2024 docket entry. Specifically, the respondent argued that the juvenile court had the legal authority to entertain the motion to reconsider, even where the motion was not filed within 30 days of the transfer order, since the criminal court granted the respondent "permission to allow the juvenile judge to entertain" the motion to reconsider. The respondent also contended that the transfer order was not a final order and thus the 30-day filing requirement did not apply to the respondent's motion to reconsider as the motion was filed before any final judgment had been entered in the case. The respondent further contended that the motion to reconsider should be permitted as his previous counsel had not filed a motion to reconsider the transfer order; his new counsel had taken over the case on May 17, 2024; and the motion to reconsider was made in good faith and not for the purpose of delay.

¶ 17    On October 15, 2024, the respondent filed another supplement to his motion to reconsider the transfer order, in which counsel noted that, at the time of filing the first supplement to the motion, counsel did not have the transcript of the transfer hearing. However, after receiving the transcript, counsel discovered that the respondent had not waived probable cause at the transfer hearing, that it was not meaningfully addressed at the transfer hearing, and that no evidence was presented to support a probable cause finding. Counsel argued that the juvenile court's reasoning

7

for finding that there was probable cause was not based on offered evidence, but it was instead based on the fact that the case had been ongoing for two years. Counsel argued that the evidence did not support a finding of probable cause where a review of the data on the respondent's phone indicated that the phone's screen was inactive for approximately 38 seconds before the car accident. Thus, counsel argued that any alleged usage of the phone by the respondent was not the proximate cause of the victims' deaths. Counsel therefore argued that the case should not have been transferred to criminal court, that the case should be transferred back to juvenile court, and that the case should be dismissed because there was no probable cause to support the conclusion that the respondent committed the charged offense. The State did not file a response to the respondent's filings.

¶ 18    On February 11, 2025, the juvenile court held a hearing on the motion to reconsider. At the hearing, the respondent's counsel again argued that since the motion to reconsider was not a final order, the 30-day deadline to file such a motion did not apply. Counsel also argued that the juvenile court had discretion to consider the motion and to have another probable cause hearing, at which the respondent's counsel would have an opportunity to present evidence to support his position that there was no probable cause. The juvenile court then mentioned that at a transfer hearing, there was usually at least one live witness. However, the juvenile court noted that the parties in this case, by agreement, did not have any witnesses at the transfer hearing. In response to the juvenile court's comments, the State indicated that there were no witnesses at the transfer hearing because the respondent's previous attorney conceded probable cause. The juvenile court then interjected and asked the respondent's counsel if he believed that the respondent's previous counsel had waived probable cause. Counsel responded that he did not believe that was the case. The juvenile court then noted that the respondent's June 29, 2023, response to the petition to transfer indicated that

probable cause existed that the respondent committed the alleged criminal offenses. In response, the respondent's counsel admitted that he had not seen that response but noted that neither the respondent nor the respondent's parents took the position that probable cause should be or was conceded. Counsel also noted that the respondent's signature was not on the response.

¶ 19 The juvenile court then addressed the State and asked the following: "I equate a transfer hearing to something similar to a preliminary hearing. *** [A]n attorney can't waive [a preliminary hearing] on behalf of the client. It has to be the defendant that waives the preliminary hearing for probable cause. What is the State's response to that?" In response, the State noted that at the transfer hearing, the State and the respondent's previous counsel agreed that probable cause was not being contested, and they would only present arguments on the statutory factors identified in section 5-805(3)(b) of the Act (*id.*). The State also noted that the respondent's previous counsel again waived probable cause in the criminal case. Thus, the State argued that the respondent had never challenged the existence of probable cause. The juvenile court then noted that during the transfer hearing, the respondent's counsel was asked whether there was probable cause of delinquency. However, counsel never directly answered the question and instead discussed the history of the case.

¶ 20 The juvenile court asked the respondent's counsel whether the waiver of the preliminary hearing in the criminal case had any impact on the juvenile case. Counsel responded that the waiver had no impact because "it was based on a determination that was unlawfully made in this particular courtroom without the presentation of evidence that allowed him to make that decision at a later date and time." Counsel then stated, "There was no waiver of probable cause in the juvenile court. The Court went through an analysis which essentially said because of the length of the case ***

and all of the time that had gone by and the negotiations that probable cause exists. I think that was a legally insufficient conclusion made by this Court."

¶ 21    The juvenile court then noted that the respondent was outside the statutory authority of the juvenile court and asked the respondent's counsel whether, assuming the case was transferred to juvenile court, it should be transferred for another transfer hearing or to be dismissed. The respondent's counsel answered that the case should be dismissed. However, counsel acknowledged that since the original transfer petition was timely, and reconsideration of the original transfer decision was granted, the State should have an opportunity to establish probable cause and the section 5-805(3)(b) factors. The State agreed that if the case was transferred to juvenile court, it would not be allowed to proceed given the respondent's age. However, the State also agreed that if the motion to reconsider was granted, there should be a new transfer hearing as if the previous hearing had never happened.

¶ 22    The juvenile court then stated that it appeared the main issue was whether there was a proper finding of probable cause. When the State reiterated that it believed that probable cause was conceded by the respondent's previous counsel, the juvenile court stated as follows:

    "But what if, again, I *** analogize this to a preliminary hearing. Okay. What if you are in
    a criminal case and *** the defendant is there and *** the defense attorney says my client
    is going to waive his right to a preliminary hearing and the Judge says okay I find probable
    cause to proceed and the defendant never states anything as it relates to that waiver. How
    can the attorney's assertion bind the defendant?"

¶ 23    The State responded that the client was bound by his counsel's assertion unless the client indicated an objection. The State also noted that there was nothing suggesting that the respondent's previous counsel "was doing anything in opposition of what his client wished." The juvenile court

10

then asked the State whether an attorney could waive a preliminary hearing for a defendant if the defendant did not indicate any objection to the waiver. The State responded that the transfer hearing should not be compared to a preliminary hearing because a juvenile case involved both criminal and civil rights, and a juvenile's attorney could concede probable cause in a written response. However, the State noted that in a preliminary hearing, there must be a written waiver of the preliminary hearing to proceed, and the trial court was statutorily required to make certain findings with regard to the preliminary hearing. The State also argued that it would have presented live witnesses to establish probable cause if probable cause was contested, but the respondent's previous counsel indicated they were conceding probable cause. Thus, the arguments presented at the transfer hearing solely focused on the section 5-805(3)(b) factors (*id*).

¶ 24    The respondent's counsel then asked for an opportunity to brief the issue of whether an attorney in a juvenile court proceeding was able to bind the client to a probable cause determination. In response, the juvenile court noted that the respondent's previous counsel's response to the transfer petition did not contest probable cause. However, the juvenile court granted the respondent's counsel's request and asked the parties to provide additional argument in writing on whether the concession of probable cause was sufficient.

¶ 25    On March 5, 2025, the respondent filed a supplement to his motion to reconsider, which addressed the legal significance of the respondent's previous counsel waiving probable cause. In the supplement, the respondent argued that the right to a probable cause determination at the transfer hearing, which was analogous to a defendant's right to a preliminary hearing, belonged to the juvenile personally, and a waiver must be made with a sufficient record establishing the respondent's understanding of that waiver. The respondent argued that the probable cause component of a juvenile transfer proceeding was greater in impact than a preliminary hearing in a

11

criminal case because it exposed the juvenile to an adult felony conviction and to an adult range of punishment. Thus, the respondent contended that a waiver was invalid absent the juvenile's knowing and voluntary consent, and any statement of counsel suggesting a concession of probable cause, or a lack of dispute of probable cause, without the juvenile's agreement on the record was invalid. The respondent argued that the record in this case did not show that he agreed to waive the probable cause finding after "being advised of that important right or recognizing his right to challenge that finding or force the State to its burden on that finding." Specifically, the respondent noted that, at the transfer hearing, he was never questioned about any purported waiver of probable cause or a purported consent to a finding of probable cause.

¶ 26    In addition, the respondent contended that probable cause must be established by evidence at a juvenile transfer hearing regardless of whether there had been a prior determination of probable cause. The respondent noted that the original purported justification for probable cause in this case hinged on a text message that was allegedly sent from the respondent's phone at the time of the accident. However, it was subsequently asserted that the respondent's phone was inactive for approximately 38 seconds before the crash. Thus, the respondent contended that the evidence available at the time of the transfer hearing would not have established probable cause because the respondent's use of his phone was not the proximate cause of the accident. Moreover, the respondent argued that his waiver of the preliminary hearing in the criminal court was not a concession of probable cause, "regardless of whether it would practically result in such a finding being made in most cases, and it cannot be imported back to a transfer proceeding context."

¶ 27    On April 23, 2025, the juvenile court entered an order, through a docket entry, granting the respondent's motion to reconsider. In the docket entry, the juvenile court noted that the State did not file a response to the respondent's March 2025 filing. The juvenile court indicated that it agreed

12

with the respondent that probable cause was not properly found at the time of the transfer hearing. The juvenile court noted that once a transfer hearing was initiated, a finding of probable cause must be made by the juvenile court judge based on the evidence submitted. The juvenile court found that probable cause could not be waived by the juvenile when the juvenile contested the transfer, as occurred in this case.

¶ 28    The juvenile court also found that the only avenue available to a juvenile to waive his right to be tried as a juvenile was found in section 5-130(9) of the Act (*id.* § 5-130(9)), which was separate from the statutory section allowing the State to seek a discretionary transfer. The juvenile court indicated that section 5-130(9) of the Act (*id.*) permitted a juvenile, with consent of his attorney, to demand removal to criminal court, and if that demand was made, then the juvenile consented to all elements of the transfer, including probable cause. However, absent that consent, the determination of the existence of probable cause must be made by the juvenile court judge, not either of the parties. Thus, the juvenile court granted the motion to reconsider and transferred the case back to juvenile court for a rehearing on the State's motion to transfer, at which the State was required to present sufficient evidence for a judicial finding of probable cause. The juvenile court then stayed the criminal case pending a decision in the juvenile case.

¶ 29                          C. Proceedings Upon Reconsideration

¶ 30    On May 15, 2025, the respondent sought dismissal of the juvenile case before a hearing was held on probable cause. In the motion, the respondent argued that the case should be dismissed because the respondent was 22 years old and no longer a "minor" subject to transfer to criminal court under the Act. On May 21, 2025, the juvenile court, without a hearing, entered a docket entry denying the respondent's motion to dismiss the matter. In the docket entry, the juvenile court noted

13

that at the February 2025 hearing, the respondent's counsel affirmatively stated that if the case was transferred back to juvenile court, the State had the right to a new transfer hearing.

¶ 31    Thereafter, the juvenile court held a new transfer hearing on June 12, 2025, at which the State presented its evidence on probable cause. After hearing the presented evidence, along with the arguments of counsel, the juvenile court denied the State's request to transfer the case to criminal court because the juvenile court found that the State failed to prove probable cause at this new hearing. Consequently, the juvenile court also dismissed the juvenile case for lack of "jurisdiction." That same day, a docket entry in the juvenile case indicated that the juvenile case was dismissed for lack of jurisdiction due to the respondent's age, and a docket entry in the criminal court case indicated that the criminal matter was also dismissed as a result of the juvenile court's decision. On July 8, 2025, the State filed a certificate of impairment along with a notice of appeal pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. Apr. 15, 2024).

¶ 32                                 II. ANALYSIS

¶ 33                          A. Appellate Court Jurisdiction

¶ 34    As an initial matter, we must address whether this court has jurisdiction to consider this appeal. The respondent contends that we lack jurisdiction because the State's notice of appeal was filed more than 30 days after the entry of the juvenile court's April 23, 2025, order granting reconsideration. Specifically, the respondent argues that an order transferring jurisdiction from a criminal court to a juvenile court is an appealable order and that the order entered here, which granted reconsideration of the original transfer order, effectively transferred the case from criminal court to juvenile court for further determination. Thus, since the order transferred the case from criminal court to juvenile court, it was an appealable order that should have been appealed within 30 days of its entry.

14

¶ 35    Appeals from a final judgment in juvenile delinquency proceedings are generally governed by the rules applicable to criminal cases. Ill. S. Ct. R. 660(a) (eff. Oct. 1, 2001). Applying the applicable rule here, which is Illinois Supreme Court Rule 606(b) (eff. Apr. 15, 2024), the State's notice of appeal must have been filed within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion.

¶ 36    In this case, the juvenile court entered an order on August 1, 2023, transferring the case from juvenile court to criminal court. Then, on April 23, 2025, the juvenile court granted the respondent's motion to reconsider the transfer order and transferred the case back to the juvenile court for a rehearing on the State's motion to transfer. Thus, the respondent argues that, for this court to have jurisdiction, the State should have appealed within 30 days of the April 2025 order.

¶ 37    However, the State contends that the transfer of jurisdiction from and between criminal court and juvenile court is an interlocutory event in an ongoing prosecution. The State argues that its right to appeal was triggered the moment the juvenile court's judgment foreclosed the State's right to seek a penalty under the criminal laws. In this case, the opportunity to prosecute in criminal court was not foreclosed when the juvenile court granted the motion to reconsider as that order only required the parties redo the transfer hearing, at which the State would present evidence supporting probable cause. The State argues that, instead, its right to appeal was triggered when the juvenile court denied its transfer request, and the State was prohibited from proceeding forward in criminal court, which occurred on June 12, 2025. The State notes that if the transfer of a case from and between criminal court and juvenile court was the appealable event, then the juvenile court would not have had jurisdiction to reconsider its order transferring the case to criminal court because the respondent never appealed that transfer order. However, the State indicates that it

15

declines to adopt that position. Thus, the State contends that an appeal from the order granting the motion to reconsider would have been premature as the order was an interlocutory order that was a procedural step to the juvenile court's ultimate denial of the transfer petition.

¶ 38 Under Illinois Supreme Court Rule 604(a)(1) (eff. Apr. 15, 2024), "[t]he State retains the right to appeal in any case of a judgment the substantive effect of which results in dismissal of a charge." *People v. DeJesus*, 127 Ill. 2d 486, 495 (1989). In *People v. Martin*, 67 Ill. 2d 462, 465-66 (1977), our supreme court held that an order denying a transfer from juvenile court to criminal court was appealable by the State because the substantive effect of the juvenile court's action was the dismissal of any future indictment on the specific charge. In making this decision, the supreme court looked at the substantive effect of the juvenile court's ruling which effectively prohibited the filing of criminal charges. *Id.*; *DeJesus*, 127 Ill. 2d at 496.

¶ 39 Similarly, in this case, the substantive effect of the juvenile court's denial of the State's transfer petition effectively prohibited the State from prosecuting the respondent in criminal court. Thus, this order triggered the State's right to appeal under Rule 604(a)(1). The State's right to appeal was not, as argued by the respondent, triggered by the juvenile court granting the respondent's motion to reconsider since the juvenile court determined that the State should be given another opportunity to present evidence on probable cause at a new transfer hearing. After hearing the evidence submitted by the State on probable cause and the statutory transfer factors, the juvenile court could have then transferred the case back to criminal court. Thus, it was not until the transfer petition was denied that the State was effectively barred from proceeding with the criminal case. Since the State filed its notice of appeal within 30 days of the juvenile court's denial of the State's motion to transfer, we have jurisdiction over this appeal under Rule 604(a)(1).

¶ 40                                          B. Reconsideration of the Transfer Order

¶ 41    The issue here is whether the juvenile court's decision granting reconsideration of the August 1, 2023, transfer order should be affirmed. An order dismissing a petition for adjudication of wardship filed under the Act and ordering the institution of criminal proceedings is an interlocutory order. *In re Hershberger*, 132 Ill. App. 3d 332, 334 (1985); *People v. Jiles*, 43 Ill. 2d 145, 146-47 (1969). A court has inherent authority to reconsider and correct its previous rulings, and this authority extends to interlocutory rulings as well as final judgments. *Stevens v. Village of Oak Brook*, 2013 IL App (2d) 120456, ¶ 37. Thus, where, as here, the State's motion to transfer was filed when the juvenile court had authority to hear the case under the Act, the juvenile court has authority to reconsider and correct its own order transferring the case to criminal court.

¶ 42    Moreover, we affirm the juvenile court's decision granting reconsideration of the transfer order. In general, the standard of review for a trial court's ruling on a motion to reconsider is abuse of discretion. *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 80. However, when reviewing a motion to reconsider based on the trial court's purported misapplication of existing law, the standard of review is *de novo*. *Id.*

¶ 43    Section 5-805(3)(a) of the Act (705 ILCS 405/5-805(3)(a) (West 2020)) provides as follows regarding a discretionary transfer:

> "If a petition alleges commission by a minor 13 years of age or over of an act that constitutes a crime under the laws of this State and, on motion of the State's Attorney to permit prosecution of the minor under the criminal laws, a Juvenile Judge assigned by the Chief Judge of the Circuit to hear and determine those motions, after hearing but before commencement of the trial, finds that there is probable cause to believe that the allegations

17

in the motion are true and that it is not in the best interests of the public to proceed under

this Act, the court may enter an order permitting prosecution under the criminal laws."

¶ 44    Also, subsection (3)(b) of section 5-805 of the Act sets out various factors that the juvenile

court must consider in deciding whether the case should be transferred from juvenile court to

criminal court. *Id.* § 5-805(3)(b). Thus, before transferring the juvenile case to criminal court, the

juvenile court must determine that there is probable cause to believe the State's allegations and

must consider the various factors identified in subsection (3)(b). In addition, the First District, in

interpreting a former version of the transfer statute, which contained a similar probable cause

requirement, concluded that the transfer statute required a probable cause determination that was

independent from the probable cause finding made at the detention hearing. *In re R.L.*, 282 Ill.

App. 3d 839, 847 (1996). In making this decision, the appellate court noted that the transfer statute

required the juvenile court to hear and determine the probable cause issues and that due process

and the notion of fundamental fairness required separate determinations of probable cause. *Id.*

Thus, a prior determination of probable cause is not binding at the transfer hearing as the

respondent minor is entitled to a *de novo* hearing. *Id.* at 847, 850. Although the procedures and

criteria governing the transfer hearing are controlled by statute, the statute itself is rooted in the

constitutional requirement of procedural due process. *In re J.E.*, 282 Ill. App. 3d 794, 800 (1996).

¶ 45    Here, the State argues that the juvenile court erred in its finding that probable cause had

not been established where the respondent's counsel could, and did, concede probable cause on

the respondent's behalf before the first transfer hearing. In other words, the State contends that the

juvenile court's initial finding of probable cause was correct because the respondent's counsel at

that time conceded the issue. Further, the State contends that the respondent's waiver of the

preliminary hearing in the criminal court proceeding precluded the respondent from subsequently

18

challenging probable cause in his motion to reconsider the transfer order. Thus, the State argues that the juvenile court erred in granting the respondent's motion to reconsider the case's transfer from juvenile court to criminal court.

¶ 46    However, based on our review of the record, we find that the juvenile court's initial finding that there was probable cause was not based on any purported concession by the respondent's counsel on the issue. In making this finding, we acknowledge that, in his response to the State's petition to transfer, the respondent's counsel indicated that there was probable cause to support a transfer to criminal court, which he also subsequently acknowledged at a later pretrial hearing. However, it was questionable whether the respondent's counsel maintained that position at the initial transfer hearing. Specifically, we note that when the juvenile court asked the respondent's counsel whether counsel was conceding probable cause, counsel never directly answered the question. The juvenile court never asked any follow-up questions to clarify this issue but seemed to take counsel's answer as hesitation to concede probable cause at the time of the transfer hearing. This is evidenced by the following statements made by the juvenile court when announcing its decision to transfer the case: "[A]lthough you don't want to state it now, I think that there is probable cause. We would not be having this case go on for two years had there not been probable cause from the get go. So I think the State has met that hurdle." Thus, based on the juvenile court's comments, it appears that the juvenile court did not rely on any purported concession of probable cause by the respondent's counsel, or any proof presented by the State, in granting the motion to transfer the case to criminal court. Instead, as demonstrated above, when the juvenile court stated that probable cause existed, it only noted that the case would not have been pending for two years if there had not been probable cause.

¶ 47     In reconsidering that ruling, the juvenile court determined, in a review of its own order, that probable cause was not properly found at the initial transfer hearing. At that transfer hearing, there was no evidence or argument presented to support the juvenile court's probable cause finding. There was no finding by proof submitted, or recognition of any purported concession by the respondent, upon which the juvenile court based its ruling. The portion of the record quoted above might be seen as an acknowledgement by the juvenile court that any supposed concession by the respondent's counsel was in doubt and remained at issue. Further, as previously noted, the probable cause requirement for the transfer hearing requires a separate determination of probable cause. Thus, the juvenile court must make a finding of probable cause based on the evidence submitted for, and considered at, the transfer hearing. Therefore, any earlier or subsequent admissions of probable cause, including any purported concession of probable cause implicit in the respondent's decision to later waive the preliminary hearing in criminal court, would not suffice to meet the probable cause requirement at the transfer hearing.

¶ 48     Consequently, under the specific circumstances of this case, we conclude that the statement in the respondent's responsive pleading on its own is not sufficient to satisfy the probable cause requirement where counsel would not confirm that position at a transfer hearing and where the juvenile court did not make any finding upon any such pleading, or apparently use the statement as a basis for its decision, when announcing its finding that probable cause existed. As we find that the statement in the respondent's responsive pleading, left unconfirmed at the transfer hearing, was not sufficient of itself to satisfy the probable cause requirement at the transfer hearing in this case, we need not reach the larger issue of whether, under section 5-805(3)(a) of the Act, probable cause generally could be conceded at a transfer hearing when a juvenile contests the transfer. Therefore, since we conclude that counsel's statements alone did not satisfy the probable cause requirement

20

in this case, the State did not offer any proof or argument as to probable cause at the initial transfer hearing, and the cited basis for the juvenile court's ruling was not soundly based, we find that the juvenile court's decision to grant reconsideration of the August 1, 2023, transfer order was not an abuse of discretion.

¶ 49 However, we find that after the juvenile court granted reconsideration of the transfer order, the proceedings against the respondent should have been discharged because the juvenile court no longer had statutory authority to proceed against the 22-year-old respondent. The Act limits the juvenile court to cases with individuals who are under the age of 21. 705 ILCS 405/5-105(10) (West 2020). Thus, "once a defendant reaches the age of 21, under the Act, the juvenile court has no statutory authority over him." *People v. Foxx*, 2018 IL App (1st) 162345, ¶ 45 (citing *People v. Fiveash*, 2015 IL 117669, ¶ 33). "The juvenile court is not free to reject or expand its statutory authority despite the desirability or need for such action." *In re Ardedia L.*, 249 Ill. App. 3d 35, 40 (1993). Thus, once the defendant turns 21, the defendant is considered an adult, and the juvenile court is no longer empowered to hear and determine the matter or to grant any requested relief. *Id.*

¶ 50 Here, since the record reflects that the respondent was 22 years old at the time that the juvenile court granted reconsideration, we find that the juvenile court no longer had authority to proceed against him under the Act. Consequently, after granting reconsideration, the juvenile court should not have held a new transfer hearing and instead should have discharged the proceedings against the respondent as it did not have the statutory authority to proceed any further on the State's motion to transfer the matter to criminal court. Accordingly, we vacate the juvenile court's June 12, 2025, order that was entered following reconsideration and remand the matter to the juvenile court for further orders consistent with this decision.

¶ 51                                    III. CONCLUSION

¶ 52    For the foregoing reasons, we affirm the juvenile court's decision to grant reconsideration of the August 1, 2023, transfer order. However, we vacate the juvenile court's June 12, 2025, order and remand the matter to the juvenile court for further orders consistent with this decision.

¶ 53    Affirmed in part and vacated in part.

¶ 54    Cause remanded.